624 P.2d 518

**HUMAN RIGHTS COMMISSION OF NEW MEXICO, Plaintiff-Appellant,**

v.

**BOARD OF REGENTS OF the UNIVERSITY OF NEW MEXICO COLLEGE OF NURSING, Defendant-Appellee.**

No. 13192.

Supreme Court of New Mexico.

Feb. 23, 1981.

Jeff Bingaman, Atty. Gen., Herbert M. Silverberg, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Poole, Tinnin & Martin, Robert C. Poole, Stephen Curtis, Albuquerque, for defendant-appellee.

OPINION

RIORDAN, Justice.

Patricia G. Tyler, a black nursing student, filed a complaint with the New Mexico Human Rights Commission (Commission) claiming that the University of New Mexico College of Nursing (University) participated in an unlawful, racially discriminatory practice against her. After an evidentiary hearing, the Commission found that the University had discriminated against Tyler because of her race by giving her a failing grade in a clinical nursing course and then refusing to provide an opportunity for her to immediately retake the course.

In its decision, the Commission stated that the University had exercised great flexibility in allowing students to remedy deficiencies in their academic performance when those deficiencies would impede their progress through the nursing curriculum. The Commission found that contrary to its practice with other students, the University had taken a very inflexible position with respect to Tyler, and concluded that the inflexibility was based on Tyler's race.

The Commission issued an interim order in which the University was required to reevaluate Tyler's skills in the clinical nursing course. If Tyler failed the reevaluation, then she was to be given a special opportunity to immediately retake the course at the University's expense. Upon completion of the course, Tyler was to receive a neutral, non-discriminatory objective evaluation.

The University appealed the decision of the Commission pursuant to the relevant provision of the New Mexico Human Rights Act. § 28–1–13, N.M.S.A.1978. Section 28–1–13 provides that the appeal of a decision is by trial *de novo* in the district court.

After the University filed its appeal, the Commission filed a complaint in district

court seeking to enforce its interim order. The University moved to dismiss the complaint on grounds, *inter alia*, that the University is not a "public accommodation" within the meaning of the New Mexico Human Rights Act and the Commission was without jurisdiction to process the complaint filed by Tyler. The district court agreed with the University and dismissed the complaint for lack of jurisdiction. We affirm the dismissal.

The sole issue presented in this appeal is whether the University of New Mexico, in administering its academic program, is a "public accommodation" within the definition of the New Mexico Human Rights Act, § 28–1–2(G), N.M.S.A.1978.

The relevant portions of the New Mexico Human Rights Act state:

It is an unlawful discriminatory practice for:

\* \* \* \* \* \*

(F) any person in any public accommodation to make a distinction, directly or indirectly, in offering or refusing to offer its services, facilities, accommodations or goods to any individual because of race . . .

§ 28–1–7(F), N.M.S.A.1978.

"[P]ublic accommodation" means any establishment that provides or offers its services, facilities, accommodations or goods to the public, but does not include a bona fide private club or other place or establishment which is by its nature and use distinctly private.

§ 28–1–2(G), N.M.S.A.1978.

The Commission argues that the Legislature, by enacting a definitional statute with a general inclusive clause and a specific exemption clause, intended to include all establishments which were not specifically excluded. The Commission also argues that "establishment" is broad enough to include a university and "services" would include the teaching, for pay, of people to be nurses.

The University argues that the historical background and traditional interpretation of public accommodation statutes does not

support the view that a university is a public accommodation. The University contends that the Legislature, in replacing the explicit enumeration of the Public Accommodations Act, N.M. Laws 1955, ch. 192, §§ 1–7 and N.M. Laws 1963, ch. 202, § 1, with the brief definition contained in the 1969 New Mexico Human Rights Act, did not intend to extend the concept of public accommodation significantly beyond that represented by the Public Accommodations Act and other state and federal statutes. The Public Accommodations Act specifically enumerated the establishments which were considered public accommodations. A university was not one of the listed places of public accommodation.

The University also argues that the Court should give a common sense interpretation to the statute. The University claims that the words of the statute, when used in their ordinary and usual sense, do not evidence an intent by the Legislature to include universities within the definition of "public accommodation".

Based upon the facts of this case, we hold that the University of New Mexico is not a "public accommodation" within the meaning of the New Mexico Human Rights Act, § 28–1–2(G), N.M.S.A.1978, and is therefore not subject to the jurisdiction of the Human Rights Commission in this instance. In so holding, we look to the historical and traditional meanings as to what constitutes a "public accommodation".

The prohibition against discrimination in public accommodations arose from the common law duties of innkeepers and public carriers to provide their services to the public without imposing unreasonable conditions. *See* Avins, *What is a Place of "Public" Accommodation?*, 52 Marq.L.Rev. 1 (1968). The United States Supreme Court recognized these common law duties when it stated that "[i]nnkeepers and public carriers, by the laws of all the States, so far as we are aware, are bound, to the extent of their facilities, to furnish proper accommodation to all unobjectionable persons who in good faith apply for them." *Civil Rights Cases*, 109 U.S. 3, 25, 3 S.Ct. 18, 31, 27 L.Ed. 835 (1883). Early statutes in most states

tended to codify the common law by prohibiting discrimination in places of lodging, entertainment and public transportation. *See* Avins, *supra.* Universities were not considered public accommodations under the early statutes.

Some later statutes specifically included universities as public accommodations. No case has been cited to support the proposition that a university is a public accommodation unless they were specifically included by statute. Federal statutes do not include universities within the definition of public accommodation. Title II of the Civil Rights Act of 1964 follows the traditional definition of public accommodation in listing those establishments subject to the Act. 42 U.S.C. § 2000a(b) (1976). Generally, it included places of lodging, entertainment and eating.

The previous New Mexico statute which prohibited discrimination in places of public accommodation did not include universities within its coverage. N.M. Laws 1955, ch. 192, §§ 1–7 and N.M. Laws 1963, ch. 202, § 1. We do not feel that the Legislature, by including a general, inclusive clause in the Human Rights Act, intended to have all establishments that were historically excluded, automatically included as public accommodations subject to the Human Rights Act.

We look to the previous act for guidance and should, unless the contrary is apparent, construe the wording of the statute in its ordinary and usual sense. *State ex rel. Bird v. Apodaca,* 91 N.M. 279, 573 P.2d 213 (1977). Universities are not public accommodations in the ordinary and usual sense of the words.

This opinion should be construed narrowly and is limited to the University's manner and method of administering its academic program. We reserve the question of whether in a different set of circumstances the University would be a "public accommodation" and subject to the jurisdiction of the Human Rights Commission.

IT IS SO ORDERED.

EASLEY, C. J., and SOSA, Senior Justice, concur.